*FILED*
2010 DEC 30 P 2: 45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

1  Carlos A. Zelaya, II (*Pro Hac Vice Pending*)
   F. Gerald Maples, P.A.
2  365 Canal Street
   Suite 2650
3  New Orleans, LA 70053
   Phone: 504-569-8732
4  Fax: 504-525-6932

5  Joseph C. Wilson (SBN # 249027)
   5A Funston Avenue
6  San Francisco, CA 94129
   Phone: (415) 420-4009
7  Fax: (415) 796-0875

8  Attorneys for Applicants

9

10                    UNITED STATES DISTRICT COURT                    VRW

11                  NORTHERN DISTRICT OF CALIFORNIA

12                    CV 10 80 324MISC

13  *In re* Application of:                        Case No. _____

14  **Daniel Carlos Lusitand Yaiguaje, et. al.**

15                     **Applicants,**

16  **For the Issuance of Subpoenas for the Taking of**    APPLICATION OF THE
    **Depositions and the Production of Documents in a**   ECUADORIAN PLAINTIFFS FOR
17  **Foreign Proceeding Pursuant to 28 U.S.C. § 1782.**   AN ORDER PURSUANT TO 28
                                                           U.S.C. § 1782 FOR EXPEDITED
18                                                         SERVICE AND ENFORCEMENT
                                                           OF SUBPOENA FOR USE IN A
19                                                         FOREIGN PROCEEDING

20

21          Applicants,[1] a group of indigenous persons and residents of the Ecuadorian Amazon (the

22  "Ecuadorian Plaintiffs" or "Plaintiffs") who are pursuing litigation in Lago Agrio, Ecuador

23  against Chevron Corporation ("Chevron") for contamination resulting from the company's

24

25

26          [1] The Ecuadorian Plaintiffs are listed in Exhibit A to the Declaration of Machelle Lee Hall
    ("Decl."),, Lago Complaint: *Aguinda v. ChevronTexaco Corp.*, Case No. 002-2003, Superior
27  Court of Nueva Loja (May 7, 2003), at pp 2-3.

28

historic and prolonged oil extraction operations in that country, seek an Order under 28 U.S.C. § 1782 and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure granting leave to serve the attached subpoenas (Exhibits 1 and 2) on Diego Fernando Borja Sánchez, a/k/a Diego Borja ("Mr. Borja"), and Sara Portilla ("Ms. Portilla"), both residents of San Ramon, California, to take their depositions and compel the production of documents for use in a foreign proceeding.[2] Given the urgent need for this discovery, the Ecuadorian Plaintiffs ask this Court to enter an order to show cause setting an expedited briefing schedule on both any opposition to the application and any objections or motions directed to the subpoenas.

### Jurisdiction

This court has jurisdiction to hear and grant this Application under 28 U.S.C. § 1782 and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure.

### Intradistrict Assignment

Pursuant to Civil L.R. 3-2(d), the Application may be heard in the San Francisco Division or the Oakland Division because the individuals to whom the Application pertains, Diego Fernando Borja Sánchez and Sara Portilla, are residents of San Ramon in Alameda County.

### Relief Sought

Plaintiffs seek to obtain documents and deposition testimony from Mr. Borja and Ms. Portilla for use in a trial in Ecuador, where plaintiffs have sued Chevron, which merged with Texaco Petroleum Corporation and Texaco Inc. As the concurrently filed Memorandum of Points of Authorities documents, the Ecuadorian Plaintiffs have a great need for the discovery to pursue its claims against Chevron and to respond to Chevron's extensive motion practice in the Lago Agrio Litigation which has repeatedly alleged denial of due process and sought dismissal of multiple rulings and pending claims, in part, on the basis of Mr. Borja's and Ms. Portilla's work

---

[2] In a related proceeding, on September 15, 2010, United States Magistrate Judge Edward M. Chen granted an *ex parte* Application by the Republic of Ecuador for the issuance of subpoena directed to Mr. Borja in aid of an international arbitration between the Republic of Ecuador and Chevron. The Ecuadorian Plaintiffs are not parties to that arbitration, have not intervened in that arbitration, and plan to use the discovery sought here in a separate proceeding – civil litigation pending in Lago Agrio, Ecuador against Chevron.

in connection with the Lago Agrio Litigation. The discovery is also needed in any future appeal arising out of the Lago Agrio Litigation: in other 28 U.S.C. § 1782 actions, Chevron has represented that it intends to appeal any judgment filed against it, and the discovery obtained through this proceeding is needed to defend against any future appeal.

Chevron has filed multiple pleadings in the Lago Agrio litigation falsely accusing the judge formerly presiding over the proceedings of demanding bribes and claiming that government officials improperly interfered with the litigation. The gravamen of these allegations stem from meetings in which Mr. Borja and another man, Wayne Hansen, directly participated and in which they allegedly offered bribes to the sitting judge. Messrs. Borja and Hansen surreptitiously videotaped certain meetings and gave the recordings to Chevron, which posted heavily-edited versions of the tapes on its website. Mr. Borja and Ms. Portilla also ran an "independent" laboratory where both are known to have maintained custody and control over soil samples that were tested in support of Chevron's litigation efforts. Mr. Borja has described himself as participating in a "dirty tricks" operation in which the soil samples were improperly handled and switched out with "clean" samples.

As shown on the videotapes, Mr. Borja participated in the meetings that form the basis of Chevron's false allegations that an Ecuadorian judge demanded bribes to rule against Chevron in the ongoing environmental litigation. As a direct participant, Mr. Borja is substantially likely to have material evidence related to the meetings with the Ecuadorian judge and other alleged Ecuadorian officials, as well as any involvement in and knowledge of Chevron regarding these meetings. Both Mr. Borja and Ms. Portilla also have knowledge about the chain of custody for the soil samples.

### The Application Satisfies the Statutory Requirements

This Application meets the requirements of Section 1782. First, the Ecuadorian Plaintiffs are parties and therefore "interested persons" in the environmental litigation in Ecuador under § 1782. Second, the information sought is for use in the Lago Agrio Litigation. Third, Mr. Borja and Ms. Portilla are "found" within this district. Accordingly, 28 U.S.C. § 1782's statutory requirements are met.

1
2
3
4
5
6
7
8
9
10
11

Additionally, all of the discretionary factors outlined by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, favor granting the Ecuadorian Plaintiffs' request.[3] First, Mr. Borja and Ms. Portilla are not participants in the foreign proceeding. Second, Chevron has repeatedly represented to multiple United States courts that there is no indication that (1) the Lago Agrio Court would not be receptive to 28 U.S.C. § 1782 discovery or, (2) alternatively, that the Lago Agrio Court would not receive and enter into the record evidence obtained through § 1782 proceedings. Third, the Plaintiff's Application does not constitute an attempt to circumvent foreign discovery rules and is a good faith attempt to obtain probative evidence. Last, the documents and limited testimony sought are not overly burdensome or intrusive. The discovery request is of great importance to the foreign proceeding and would be permitted under the Federal Rules of Civil Procedure.

12

### The Urgent Need for the Discovery Sought

13
14
15
16
17
18
19
20
21
22
23
24
25

The Ecuadorian Plaintiffs have an urgent need for the discovery sought. On December 17, 2010, the Ecuadorian court hearing the Lago Agrio litigation issued an "*autos para sentencia*" order indicating that the evidentiary period of the civil lawsuit has closed, but the Ecuadorian Plaintiffs can and will offer any useful evidence obtained through this § 1782 proceeding pursuant to international principles of due process and Article 118 of the Ecuadorian Constitution, which allows parties to present evidence prior to judgment. The Ecuadorian court has advised that judgment is expected as early as February 2011. Given the time constraints, in other 28 U.S.C. § 1782 proceedings initiated by Chevron against other non-parties to the underlying proceedings, the company has successfully argued for expedited briefing schedules – calling for the submission of all briefing and objections to the subpoenas within as short a period as two weeks. The Ecuadorian Plaintiffs respectfully request that this Court approve the application for subpoena by issuing an order to show cause setting an expedited briefing schedule on both opposition to the application and any objections or motions directed to the subpoena.

26
27
28

[3] 542 U.S. 241, 264-65 (2004).

The Ecuadorian Plaintiffs also request this Court put in place whatever requirements, procedures, or protocols may be necessary preserve the important evidence the Ecuadorian Plaintiffs seek during the pendency of this Application.

Respectfully submitted,

Dated:  December 30, 2010                    Law Office of Joseph C. Wilson

By: _____
Joseph C. Wilson
Law Office of Joseph C. Wilson
5A Funston Avenue
San Francisco, CA 94129
Phone: (415) 420-4009
Fax: (415) 796-0875

Carlos A. Zelaya, II (*Pro Hac Vice Pending*)
F. Gerald Maples, P.A.
365 Canal Street
Suite 2650
New Orleans, LA 70053
Phone:  504-569-8732
Fax:  504-525-6932

Attorneys for Applicants

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Northern District of California

| | |
|---|---|
| Daniel Carlos Lusitand Yaiguaje, et al., Petitioners | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) _____ District of _____ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Diego Fernando Borja Sanchez

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Law Office of Joseph C. Wilson, Attorney at Law | Date and Time: |
|---|---|
| 5A Funston Ave. | January 12, 2011 at 10:00 a.m. |
| San Francisco, CA 94129 | |

The deposition will be recorded by this method:  Stenography and videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

Daniel Carlos Lusitand Yaiguaje, et. al._____ , who issues or requests this subpoena, are:

Joseph C. Wilson, Attorney at Law, 5A Funston Ave., San Francisco, California 94129.
Telephone: (415) 420-4009 Email: joe@joewilsonlaw.com

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DOCUMENTS TO BE PRODUCED

## DEFINITIONS

A.   "And" includes the word "or" and vice-versa.

B.   "Any" includes the word "all" and vice-versa.

C.   The terms "DOCUMENT" or "DOCUMENTS" shall mean all communications in tangible form, however produced, reproduced, or stored on any electronic media, and shall include, but shall not be limited to, the following:  all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, papers, indices, letters, envelopes, telegrams, cables, telex messages, tabulations, work papers, time sheets, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals, notes or summaries of telephone conversations or messages or other communications of any type, video recording, photographs, tape or other recordings, punch cards, discs, data cells, drums, printouts, and other data compilations from which information can be obtained, electronically-stored information, correspondence, teletype messages, electronic mail, instant messages, internal memoranda, agreements, diary entries, minute books, financial records, accounting records, income tax returns, ledgers, journals, audits, receipts, canceled checks, check stubs, drafts and other written, deeds, leases, mortgages, assignments, insurance policies, or other instruments related to real or personal property printed or typed matter, diagrams, plans, pictures, travel, entertainment, or expense records or reports or any other tangible thing that constitutes matter.  The term "DOCUMENT" and "DOCUMENTS" shall also mean originals and exact copies or

reproductions of all such written, printed, typed, recorded or graphic material or matter upon which notations or markings in writing, print or otherwise have been made which do not appear in the originals.

D.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean the transmittal of any information by any method and includes all meetings, discussions, telephone conversations, contracts, letters, e-mails, memoranda, correspondence, reports, statements, consultations, negotiations, estimates, purchase orders and any DOCUMENT relating thereto.

E.    The term "PERSON" shall mean any individual, corporation, organization, association, partnership, enterprise, limited partnership, limited liability company, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

F.    The term "TEXPET" shall mean and refer to Texaco Petroleum Company, a company organized under the laws of the State of Delaware, and includes all affiliated, associated, partially or fully-owned subsidiaries or in any way related companies and any of their agents, employees, former employees, advisors, consultants, representatives, attorneys, and any other persons acting or purporting to act on their behalf or in concert with them.

G.    The term "CHEVRONTEXACO" shall mean and refer to Chevron Corporation and/or ChevronTexaco Corporation, a company organized under the laws of the State of Delaware, and includes all affiliated, associated, partially or fully-owned subsidiaries or in any way related companies, including but not limited to TexPet and Texaco, Inc., and any of their agents, employees, former employees, advisors, consultants, representatives,

attorneys, and any other persons acting or purporting to act on their behalf or in concert with them.

H.  The phrase "LAGO AGRIO LITIGATION" shall mean and refer to the case of *Moria Aguinda y Otros v. Chevron Corporation*, currently pending in the Provincial Court of Justice of Sucumbios in Ecuador.

I.  The term "WORK" shall mean and refer to any writing, analysis, study, report, research, investigation, examination, opinion, ideas, calculation, inference, deduction, assumption, conclusion, technique, testing, sampling, or measuring, including any fieldwork, relating to the LAGO AGRIO LITIGATION.

J.  The phrase "FINANCIAL SUPPORT" means any direct or indirect payments, extensions of credit, assumption of liabilities, or any means of providing assets, working capital, or credit.

K.  The phrase "BRIBERY SCANDAL" shall mean and refer to anything related to your and Wayne Hansen's surreptitious videotaping or recording of any meetings with any judge or official in the Republic of Ecuador, including but not limited to Judge Juan Núñez of the Provincial Court of Nueva Loja .

L.  The terms "YOU" or "YOUR" shall mean and include yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation your agents, servants, and representatives, including attorneys, accountants, investigators, advisors, environmental consultants, contractors, and medical consultants.

M.  The phrase "RELATED TO" and "RELATING TO" shall mean in relation to, relating to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on,

supporting, contracting or having any logical or factual connection with the matter identified in whole or in part.

N.      The term "including" is used without limitation to items or topics not specifically listed.

## INSTRUCTIONS

The following instructions shall govern the response and production of DOCUMENTS:

A.      All DOCUMENTS responsive to these Document Requests are to be Bates-stamped, logged, or otherwise individually identified prior to any review for privilege.

B.      In the event that any DOCUMENT called for by these document requests is withheld on the basis of a claim of privilege, that DOCUMENT is to be identified in a privilege log as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, nature of document (*e.g.* report, memorandum, letter, email, etc.), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

C.      In the event that any DOCUMENT called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, person authorizing the disposal of document (*e.g.*, report, memorandum, letter, email, etc.) and the person disposing of the document, and identify its last known location and the reason it is no longer in existence.

D.      In the event that any information is redacted from a document produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted should be fully stated.

E.   In the event that multiple copies or versions of a DOCUMENT exist, produce all non-identical copies of the DOCUMENT, including any and all drafts of the DOCUMENT.

F.   At the time and place of production of the DOCUMENTS requested herein, the DOCUMENTS requested are to be produced in the same order as maintained in the ordinary course of business.

G.   For each DOCUMENT produced, identify the specific Document Request category to which it is responsive.

H.   Pursuant to Fed. R. Civ. P. 34(b)(1)(C), electronically stored information is to be produced in its native electronic form, with all system and imbedded metadata intact. DOCUMENTS shall not be converted to any other format, including without limitation, pdf or tiff format, that in any way limits, destroys, modifies, or restricts system or imbedded metadata.  If a DOCUMENT is maintained in both electronic and non-electronic form, the electronic form of the DOCUMENT is to be produced in its native electronic form, with all system and imbedded metadata intact.

I.   As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular whenever appropriate in order to bring within the scope of this request any DOCUMENTS which might otherwise be considered to be beyond its scope.

## **DOCUMENTS TO BE PRODUCED**

1.   All DOCUMENTS and COMMUNICATIONS RELATING TO the LAGO AGRIO LITIGATION.

2.   All DOCUMENTS RELATING TO YOUR engagement – as an independent contractor, employee or in any other capacity – by CHEVRONTEXACO.

Exhibit A to the Subpoena

-5-

3.     All DOCUMENTS RELATED TO agreements or understandings between YOU and CHEVRONTEXACO, including agreements considered, proposed or contemplated, but never consummated, RELATING TO the LAGO AGRIO LITIGATION.

4.     All DOCUMENTS RELATING TO YOUR engagement or employment by any company retained by, contracted with, or in any way affiliated with, CHEVRONTEXACO, including Severn Trent Services or its affiliates.

5.     All DOCUMENTS prepared for or at the direction of, or otherwise provided to, directly or indirectly, CHEVRONTEXACO.

6.     All DOCUMENTS in YOUR possession, custody, or control RELATING TO Sara Portilla's engagement – as an independent contractor, employee or in any other capacity – by CHEVRONTEXACO.

7.     All DOCUMENTS RELATING TO Sara Portilla's engagement by any company retained by, contracted with, or in any way affiliated with, CHEVRONTEXACO, including Severn Trent Services or its affiliates.

8.     All DOCUMENTS in YOUR possession, custody, or control RELATING TO past, present, or future compensation, reimbursements, financial transactions, FINANCIAL SUPPORT, or other forms of payment or remuneration received by YOU and/or Sara Portilla, directly or indirectly, from CHEVRONTEXACO.

9.     All DOCUMENTS RELATING TO any accounting or other financial records YOU received from CHEVRONTEXACO

10.    All DOCUMENTS RELATING TO any accounting or other financial records YOU received from Severn Trent Laboratories or Severn Trent Services.

11. All DOCUMENTS in YOUR possession, custody, or control RELATING TO meetings between YOU and/or Sara Portilla and representatives of CHEVRONTEXACO, including but not limited to Ricardo Reis Veiga, Rodrigo Perez Pallares, Rhonda Zyglocki, David O'Reilly, John Watson, Peter Robertson, Bill Irwin, Charles James, R. Hewitt Pate, Tim Cullen, Louis Fisher, Michael Kolis, Adolfo Callejas, Alberto Racines, Diego Larrea, Patricio Campuzano, Kent Robertson, Sylvia Garrigo, James Craig, Jeff Moore, Justin Higgs, Sam Singer, Kroll Inc. or Sam Anson.

12. All DOCUMENTS in YOUR possession, custody, or control RELATING TO meetings between YOU and/or Sara Portilla and experts or other persons employed or retained or otherwise acting on behalf of CHEVRONTEXACO in any division or entity related to environmental compliance, liability, and/or remediation, including but not limited to John Connor, Sara McMillen, Ernesto Baca, Laura Green, Kenneth Rothman, Felix Arellano, Pedro Alvarez, Ralph Marquez, Severn Trent Laboratories or Severn Trent Services, HBT Agra or AGRA Earth & Environmental Limited or AMEC, S. Curtice, J.S. Janks, M.T. Stephenson, Fugro-McClelland or Fugro N.V., Woodward-Clyde or URS Corp.

13. All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Sara Portilla and representatives of CHEVRONTEXACO, including, but not limited to, all documents provided by YOU and/or Sara Portilla to CHEVRONTEXACO or its representatives, including but not limited to those persons listed in Document Requests 8 or #9 above, and any DOCUMENTS RELATING TO such COMMUNICATIONS.

14. All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Sara Portilla and Wayne Hansen, and any DOCUMENTS RELATING TO such COMMUNICATIONS.

15. YOUR cellular telephone bills or other cellular telephone records from 2005 to present that document any COMMUNICATIONS between YOU and any CHEVRONTEXACO entity or its employees or agents, including attorneys or public relations firms; Kroll, Inc.; Severn Trent Services and its affiliates; any other CHEVRONTEXACO contractor; or Wayne Hansen.

16. All scripts or other DOCUMENTS or notes prepared by YOU for use by Wayne Hansen.

17. All DOCUMENTS that indicate the whereabouts of Wayne Hansen.

18. All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Sara Portilla and Santiago Escobar from 2009 through the present.

19. All drafts of declarations or affidavits, executed or not, referring or RELATING TO meetings or other COMMUNICATIONS with Ecuadorian citizens or with representatives of CHEVRONTEXACO from 2009 through the present and any DOCUMENTS RELATING TO such COMMUNICATIONS.

20. All notes, diaries, journals, or other DOCUMENTS referring or RELATING TO meetings or COMMUNICATIONS with, or actual or potential compensation or remuneration to YOU from, CHEVRONTEXACO.

21. All notes, diaries, journals, recordings or other DOCUMENTS referring or RELATING TO communications with any of the individuals referred to in YOUR Declarations dated June 27, 2009, October 16, 2009, and/or December 7, 2009.

22.    All DOCUMENTS stored on a cellular telephone, iPhone, computer, iPod, thumbdrive, or other electronic device capable of storing information in YOUR possession, custody, or control referring or RELATING TO CHEVRONTEXACO or TEXPET.

23.    All DOCUMENTS regarding the environmental remediation credentials and/or capabilities of the company Interintelg, S.A. or InterIntel, S.A., or any company in which YOU have an ownership interest or by which YOU have been retained as an employee or consultant.

24.    All DOCUMENTS sufficient to identify and establish YOUR creation or acquisition for all companies YOU directly or indirectly incorporated in any country, including Ecuador, during the last ten years.

25.    All correspondence or COMMUNICATIONS between any entities identified in the documents produced in response to #24 and CHEVRONTEXACO or any of its affiliates, employees or agents, including attorneys and public relations firms, Severn Trent Services or its affiliates, any other CHEVRONTEXACO contractor or subcontractor, any expert witness in the LAGO AGRIO LITIGATION, any Ecuadorian government official or judicial officer involved in the LAGO AGRIO LITIGATION or implicated in the BRIBERY SCANDAL based on your recordings, Kroll, Inc., or Wayne Hansen

26.    All DOCUMENTS referring or RELATING TO site inspections, the taking of soil, water, or other samples, and/or testing of soil, water, or other samples, conducted in connection with the LAGO AGRIO LITIGATION.

27.    All DOCUMENTS referring or RELATING TO environmental remediation activities conducted in the *Oriente* region of Ecuador by CHEVRONTEXACO and/or CHEVRONTEXACO's subcontractors.

28.   All DOCUMENTS relating to or COMMUNICATIONS with any investigators or security contractors working for CHEVRONTEXACO.

29.   All DOCUMENTS RELATING TO any payment that any judge, judicial officer, or any and all current or former representatives or officials of the Republic of Ecuador has received for, or is to receive as a result of, any ruling, order, judgment, decision, or finding in the LAGO AGRIO LITIGATION.



AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | |
|---|---|
| __ Daniel Carlos Lusitant Yaiguaje, et. al., Petitioners __ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | _____ District of _____ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Sara Portilla

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Law Office of Joseph C. Wilson, Attorney at Law <br> 5A Funston Ave. <br> San Francisco, California 94129 | Date and Time: <br> January 13, 2011 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:     Stenography and videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ Daniel Carlos Lusitand Yaiguaje, et. al. _____ , who issues or requests this subpoena, are:

Joseph C. Wilson, Attorney at Law, 5A Funston Avenue, San Francisco, California 94129.
Telephone: (415) 420-4009 Email: joe@joewilsonlaw.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____         _____
                                            *Server's signature*

                                   _____
                                            *Printed name and title*


                                   _____
                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### DOCUMENTS TO BE PRODUCED

### DEFINITIONS

A.    "And" includes the word "or" and vice-versa.

B.    "Any" includes the word "all" and vice-versa.

C.    The terms "DOCUMENT" or "DOCUMENTS" shall mean all communications in tangible form, however produced, reproduced, or stored on any electronic media, and shall include, but shall not be limited to, the following:  all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, papers, indices, letters, envelopes, telegrams, cables, telex messages, tabulations, work papers, time sheets, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals, notes or summaries of telephone conversations or messages or other communications of any type, video recording, photographs, tape or other recordings, punch cards, discs, data cells, drums, printouts, and other data compilations from which information can be obtained, electronically-stored information, correspondence, teletype messages, electronic mail, instant messages, internal memoranda, agreements, diary entries, minute books, financial records, accounting records, income tax returns, ledgers, journals, audits, receipts, canceled checks, check stubs, drafts and other written, deeds, leases, mortgages, assignments, insurance policies, or other instruments related to real or personal property printed or typed matter, diagrams, plans, pictures, travel, entertainment, or expense records or reports or any other tangible thing that constitutes matter.    The term "DOCUMENT" and "DOCUMENTS" shall also mean originals and exact copies or

reproductions of all such written, printed, typed, recorded or graphic material or matter upon which notations or markings in writing, print or otherwise have been made which do not appear in the originals.

D.   The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean the transmittal of any information by any method and includes all meetings, discussions, telephone conversations, contracts, letters, e-mails, memoranda, correspondence, reports, statements, consultations, negotiations, estimates, purchase orders and any DOCUMENT relating thereto.

E.   The term "PERSON" shall mean any individual, corporation, organization, association, partnership, enterprise, limited partnership, limited liability company, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

F.   The term "TEXPET" shall mean and refer to Texaco Petroleum Company, a company organized under the laws of the State of Delaware, and includes all affiliated, associated, partially or fully-owned subsidiaries or in any way related companies and any of their agents, employees, former employees, advisors, consultants, representatives, attorneys, and any other persons acting or purporting to act on their behalf or in concert with them.

G.   The term "CHEVRONTEXACO" shall mean and refer to Chevron Corporation and/or ChevronTexaco Corporation, a company organized under the laws of the State of Delaware, and includes all affiliated, associated, partially or fully-owned subsidiaries or in any way related companies, including but not limited to TexPet and Texaco, Inc., and any of their agents, employees, former employees, advisors, consultants, representatives,

attorneys, and any other persons acting or purporting to act on their behalf or in concert with them.

H.     The phrase "LAGO AGRIO LITIGATION" shall mean and refer to the case of *Moria Aguinda y Otros v. Chevron Corporation*, currently pending in the Provincial Court of Justice of Sucumbios in Ecuador.

I.     The term "WORK" shall mean and refer to any writing, analysis, study, report, research, investigation, examination, opinion, ideas, calculation, inference, deduction, assumption, conclusion, technique, testing, sampling, or measuring, including any fieldwork, relating to the LAGO AGRIO LITIGATION.

J.     The phrase "FINANCIAL SUPPORT" means any direct or indirect payments, extensions of credit, assumption of liabilities, or any means of providing assets, working capital, or credit.

K.     The phrase "BRIBERY SCANDAL" shall mean and refer to anything related to your and Wayne Hansen's surreptitious videotaping or recording of any meetings with any judge or official in the Republic of Ecuador, including but not limited to Judge Juan Núñez of the Provincial Court of Nueva Loja .

L.     The terms "YOU" or "YOUR" shall mean and include yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation your agents, servants, and representatives, including attorneys, accountants, investigators, advisors, environmental consultants, contractors, and medical consultants.

M.     The phrase "RELATED TO" and "RELATING TO" shall mean in relation to, relating to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on,

supporting, contracting or having any logical or factual connection with the matter identified in whole or in part.

N.    The term "including" is used without limitation to items or topics not specifically listed.

## INSTRUCTIONS

The following instructions shall govern the response and production of DOCUMENTS:

A.    All DOCUMENTS responsive to these Document Requests are to be Bates-stamped, logged, or otherwise individually identified prior to any review for privilege.

B.    In the event that any DOCUMENT called for by these document requests is withheld on the basis of a claim of privilege, that DOCUMENT is to be identified in a privilege log as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, nature of document (*e.g.* report, memorandum, letter, email, etc.), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

C.    In the event that any DOCUMENT called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, person authorizing the disposal of document (*e.g.*, report, memorandum, letter, email, etc.) and the person disposing of the document, and identify its last known location and the reason it is no longer in existence.

D.    In the event that any information is redacted from a document produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted should be fully stated.

E.  In the event that multiple copies or versions of a DOCUMENT exist, produce all non-identical copies of the DOCUMENT, including any and all drafts of the DOCUMENT.

F.  At the time and place of production of the DOCUMENTS requested herein, the DOCUMENTS requested are to be produced in the same order as maintained in the ordinary course of business.

G.  For each DOCUMENT produced, identify the specific Document Request category to which it is responsive.

H.  Pursuant to Fed. R. Civ. P. 34(b)(1)(C), electronically stored information is to be produced in its native electronic form, with all system and imbedded metadata intact. DOCUMENTS shall not be converted to any other format, including without limitation, pdf or tiff format, that in any way limits, destroys, modifies, or restricts system or imbedded metadata. If a DOCUMENT is maintained in both electronic and non-electronic form, the electronic form of the DOCUMENT is to be produced in its native electronic form, with all system and imbedded metadata intact.

I.  As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular whenever appropriate in order to bring within the scope of this request any DOCUMENTS which might otherwise be considered to be beyond its scope

## DOCUMENTS TO BE PRODUCED

1.  All DOCUMENTS and COMMUNICATIONS RELATING TO the LAGO AGRIO LITIGATION.

2.  All DOCUMENTS RELATING TO YOUR engagement – as an independent contractor, employee or in any other capacity – by CHEVRONTEXACO.

3.     All DOCUMENTS RELATED TO agreements or understandings between YOU and CHEVRONTEXACO, including agreements considered, proposed or contemplated, but never consummated, RELATING TO the LAGO AGRIO LITIGATION.

4.     All DOCUMENTS RELATING TO YOUR engagement or employment by any company retained by, contracted with, or in any way affiliated with, CHEVRONTEXACO, including Severn Trent Services or its affiliates.

5.     All DOCUMENTS prepared for or at the direction of, or otherwise provided to, directly or indirectly, CHEVRONTEXACO.

6.     All DOCUMENTS in YOUR possession, custody, or control RELATING TO Diego Fernando Borja Sanchez's engagement – as an independent contractor, employee or in any other capacity – by CHEVRONTEXACO.

7.     All DOCUMENTS RELATING TO Diego Fernando Borja Sanchez's engagement by any company retained by, contracted with, or in any way affiliated with, CHEVRONTEXACO, including Severn Trent Services or its affiliates.

8.     All DOCUMENTS in YOUR possession, custody, or control RELATING TO past, present, or future compensation, reimbursements, financial transactions, FINANCIAL SUPPORT, or other forms of payment or remuneration received by YOU and/or Diego Fernando Borja Sanchez, directly or indirectly, from CHEVRONTEXACO.

9.     All DOCUMENTS RELATING TO any accounting or other financial records YOU received from CHEVRONTEXACO

10.     All DOCUMENTS RELATING TO any accounting or other financial records YOU received from Severn Trent Laboratories or Severn Trent Services.

11.   All DOCUMENTS in YOUR possession, custody, or control RELATING TO meetings between YOU and/or Diego Fernando Borja Sanchez and representatives of CHEVRONTEXACO, including but not limited to Ricardo Reis Veiga, Rodrigo Perez Pallares, Rhonda Zyglocki, David O'Reilly, John Watson, Peter Robertson, Bill Irwin, Charles James, R. Hewitt Pate, Tim Cullen, Louis Fisher, Michael Kolis, Adolfo Callejas, Alberto Racines, Diego Larrea, Patricio Campuzano, Kent Robertson, Sylvia Garrigo, James Craig, Jeff Moore, Justin Higgs, Sam Singer, Kroll Inc. or Sam Anson.

12.   All DOCUMENTS in YOUR possession, custody, or control RELATING TO meetings between YOU and/or Diego Fernando Borja Sanchez and experts or other persons employed or retained or otherwise acting on behalf of CHEVRONTEXACO in any division or entity related to environmental compliance, liability, and/or remediation, including but not limited to John Connor, Sara McMillen, Ernesto Baca, Laura Green, Kenneth Rothman, Felix Arellano, Pedro Alvarez, Ralph Marquez, Severn Trent Laboratories or Severn Trent Services, HBT Agra or AGRA Earth & Environmental Limited or AMEC, S. Curtice, J.S. Janks, M.T. Stephenson, Fugro-McClelland or Fugro N.V., Woodward-Clyde or URS Corp.

13.   All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Diego Fernando Borja Sanchez and representatives of CHEVRONTEXACO, including, but not limited to, all documents provided by YOU and/or Diego Fernando Borja Sanchez to CHEVRONTEXACO or its representatives, including but not limited to those persons listed in Document Requests 8 or #9 above, and any DOCUMENTS RELATING TO such COMMUNICATIONS.

14. All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Diego Fernando Borja Sanchez and Wayne Hansen, and any DOCUMENTS RELATING TO such COMMUNICATIONS.

15. YOUR cellular telephone bills or other cellular telephone records from 2005 to present that document any COMMUNICATIONS between YOU and any CHEVRONTEXACO entity or its employees or agents, including attorneys or public relations firms; Kroll, Inc.; Severn Trent Services and its affiliates; any other CHEVRONTEXACO contractor; or Wayne Hansen.

16. All scripts or other DOCUMENTS or notes prepared by YOU for use by Wayne Hansen.

17. All DOCUMENTS that indicate the whereabouts of Wayne Hansen.

18. All COMMUNICATIONS in YOUR possession, custody, or control between YOU and/or Diego Fernando Borja Sanchez and Santiago Escobar from 2009 through the present.

19. All drafts of declarations or affidavits, executed or not, referring or RELATING TO meetings or other COMMUNICATIONS with Ecuadorian citizens or with representatives of CHEVRONTEXACO from 2009 through the present and any DOCUMENTS RELATING TO such COMMUNICATIONS.

20. All notes, diaries, journals, or other DOCUMENTS referring or RELATING TO meetings or COMMUNICATIONS with, or actual or potential compensation or remuneration to YOU from, CHEVRONTEXACO.

21. All notes, diaries, journals, recordings or other DOCUMENTS referring or RELATING TO communications with any of the individuals referred to in YOUR Declarations dated June 27, 2009, October 16, 2009, and/or December 7, 2009.

22. All DOCUMENTS stored on a cellular telephone, iPhone, computer, iPod, thumbdrive, or other electronic device capable of storing information in YOUR possession, custody, or control referring or RELATING TO CHEVRONTEXACO or TEXPET.

23. All DOCUMENTS regarding the environmental remediation credentials and/or capabilities of the company Interintelg, S.A. or InterIntel, S.A., or any company in which YOU have an ownership interest or by which YOU have been retained as an employee or consultant.

24. All DOCUMENTS sufficient to identify and establish YOUR creation or acquisition for all companies YOU directly or indirectly incorporated in any country, including Ecuador, during the last ten years.

25. All correspondence or COMMUNICATIONS between any entities identified in the documents produced in response to #24 and CHEVRONTEXACO or any of its affiliates, employees or agents, including attorneys and public relations firms, Severn Trent Services or its affiliates, any other CHEVRONTEXACO contractor or subcontractor, any expert witness in the LAGO AGRIO LITIGATION, any Ecuadorian government official or judicial officer involved in the LAGO AGRIO LITIGATION or implicated in the BRIBERY SCANDAL based on your recordings, Kroll, Inc., or Wayne Hansen

26. All DOCUMENTS referring or RELATING TO site inspections, the taking of soil, water, or other samples, and/or testing of soil, water, or other samples, conducted in connection with the LAGO AGRIO LITIGATION.

27. All DOCUMENTS referring or RELATING TO environmental remediation activities conducted in the *Oriente* region of Ecuador by CHEVRONTEXACO and/or CHEVRONTEXACO's subcontractors.

28. All DOCUMENTS relating to or COMMUNICATIONS with any investigators or security contractors working for CHEVRONTEXACO.

29. All DOCUMENTS RELATING TO any payment that any judge, judicial officer, or any and all current or former representatives or officials of the Republic of Ecuador has received for, or is to receive as a result of, any ruling, order, judgment, decision, or finding in the LAGO AGRIO LITIGATION.