1  Eric W. Bloom (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  1700 K Street, N.W.
   Washington, D.C. 20006
3  Telephone:   (202) 282-5000
   Facsimile:   (202) 282-5100
4  ebloom@winston.com

5  C. MacNeil Mitchell (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
6  200 Park Avenue
   New York, NY 10166
7  Telephone:   (415) 591-1000
   Facsimile:   (415) 591-1400
8  cmitchell@winston.com

9  Richard A. Lapping (SBN: 107496)
   WINSTON & STRAWN LLP
10 101 California Street
   San Francisco, CA 94111-5802
11 Telephone:   (415) 591-1000
   Facsimile:   (415) 591-1400
12 rlapping@winston.com

13 Attorneys for Applicant,
   THE REPUBLIC OF ECUADOR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of: | Case No. 10-MC-80225 CRB (EMC) |
| THE REPUBLIC OF ECUADOR, | **[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER** |
| Applicant, | |
| For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents In a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. | |

For good cause appearing, under Federal Rule of Civil Procedure 26(c)(1), IT IS HEREBY ORDERED that the Protective Order entered on February 25, 2011 in *In re Application of The Republic of Ecuador*, 3:10-mc-80225 CRB (EMC) (the "Original Protective Order") is modified to add the following:

(10)   Information or items marked "Highly Confidential – Attorneys' Eyes Only" shall, unless otherwise ordered by the court or permitted in writing by the Designating Party, be disclosed only to:

   a.)   Outside Counsel for purposes of BIT litigation (as well as employees of said Applicants' Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of the BIT Litigation);

   b.)   Courts, arbitral tribunals, and their personnel for purposes of the BIT Litigation;

   c.)   Court reporters, interpreters, their respective staffs, and professional vendors to whom disclosure is reasonably necessary including for purposes of the BIT Litigation;

   d.)   Experts or other witnesses (1) to whom disclosure is reasonably necessary for the BIT Litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and

   e.)   the author of the document or the original source of the information.

(11)   Counsel for Borja shall produce a redacted copy of each document marked "Highly Confidential - Attorneys' Eyes Only" with the identities of certain persons or identifying information for those persons redacted. Applicants shall be permitted to disclose such redacted copies to those attorneys for the Procuraduría General del Estado acting as an attorney who has responsibilities in conjunction with the BIT litigation. No other use for such redacted copies shall be permitted except as allowed under modifications pursuant to paragraph 13 below.

(12)   Except as set forth in Paragraphs 10 and 11 above, nothing in this supplement to the Original Protective Order shall be construed as modifying the Original Protective Order. All documents

produced pursuant to this supplement shall be included in the Protected Materials covered under the Original Protective Order

(13)    If Applicants, at any time after reviewing the documents covered by this Supplemental Privilege Order, need to share the redacted information with any person not authorized to see such documents under this Supplemental Protective Order, the parties will meet and confer to resolve the issue.  Applicants reserve their right to seek modification of this Supplemental Protective Order as necessary.

Dated: ___3/14/11___



[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
IN RE APPLICATION OF THE REPUBLIC OF ECUADOR 10-MC-80225